ANNETTE McCARTHY v. J. B. & J. T. HOLT et al.

Eastern Section. January 29, 1927.

Petition for Certiorari denied by Supreme Court, May 7, 1927.

1. **Adverse possession. Party may buy outstanding title without affecting his own rights.**
    Where the title to certain land was in dispute, and one of the parties was desirous of buying outstanding title so that it might convey the land, held that it had a right to do so without affecting its own title.

2. **Contracts. Fraud.** Where a contract for a deed is obtained fraudulently the party is liable to the owner of the land for profits made.

Where certain surveyors took advantage of the ignorance of the owner as to the value of certain land, and entered into a contract wherein they were to receive a deed to this land as payment for the performance of certain work and they then sold the land, held that since the contract was obtained by fraud the parties were liable to the owner of the land for the money received from the sale of the land.

3. **Fraud. Evidence.** Evidence held to show contract obtained through fraud.

Where the title to certain land was in dispute and one of the parties claiming title being ignorant of the willingness of the other contestant to pay for the outstanding claim entered into a contract with certain surveyors who knew all the facts and circumstances and who induced the claimant to contract to give them a deed to the land for their services and the evidence further showed that the surveyors at the time knew and could have advised the party in regard to her title without making a survey, held that the contract was obtained through fraud and the surveyors were liable to the owner for money they received for her outstanding claim.

Appeal from Chancery Court, Sevier County; Hon. Ernest R. Taylor, Chancellor.

Affirmed and remanded.

Fowler & Fowler, of Knoxville, for appellant.

Andrews & Cowan and Wright, Jennings, Saxton & Wright, of Knoxville, for appellee.

SNODGRASS, J. This bill was filed for an accounting, and to enjoin the defendants from cutting any trees or committing any other waste on a tract of one thousand acres of land described in the bill, and to enjoin the defendants from removing, selling or in any way disposing of the trees already cut on the land, asking that the title and right of possession to said tract of land be decreed to complainants, and that they be put in possession thereof; that they be given a decree for all the rents and profits of said land by the defendants or any of them received; that full damages be allowed complainants for any and all waste and other injury done to said land by the defendants, or any of them; that an account be taken to ascertain the value of said rents and profits, value of the trees cut, and amount of damages for waste and injury; that the contract executed by Mrs. Annette McCarthy, one of the complainants and Holt Brothers, and the deed from said Holt Brothers to defendants Sands and Andrews, and the deed from Sands and Andrews to the Appalachian Lumber Company, and to the Little River Lumber Company, be declared clouds on complainants' title and removed as such; that defendants be perpetually enjoined from setting up any claim or doing any acts whatsoever under or by virtue of said written instruments; and that

complainants be given such other and further relief as they may be entitled to at the hearing.

The cause was gotten at issue and heard before the Chancellor, who, embodying a fair statement of the case and his findings of fact therein, entered the following decree:

"This cause came on to be heard this day before the Hon. Ernest R. Taylor, Chancellor, etc., holding the chancery court of Sevier county at Sevierville, by consent of all parties, at Chambers on the entire record, briefs and arguments of counsel, and after duly considering said cause said court adjudges and decrees that the bill of complainant be and is hereby dismissed as to all parties to said bill except defendants J. B. and J. T. Holt, partners carrying on business in the name of Holt Brothers.

"That the court further finds, adjudges and decrees that said Holt Brothers are indebted to complainants, Annette McCarthy and others in the sum of $1,200, with interest from the 16th day of May, 1916.

"The court is further of opinion and so adjudges that there should be a reference in this cause to the master to take proof in the court of what services, if any, were rendered by defendants J. B. and J. T. Holt to the complainants in pursuance of the contract between complainants and defendants dated April 29, 1916, and that upon the coming in of this report and on confirmation of the amount due, if any, that the judgment aforesaid be credited with said amount as an offset against the said judgment of $1,200 and interest thereon from the time said services were rendered.

"The court is further of the opinion that the execution in this cause as against J. B. and J. T. Holt shall be stayed until final determination of the question hereinafter referred to the master, and that execution shall issue only for such balance as may be found due to the complainants from the defendants after crediting on said judgment the amount of the value of their services under said contract, with interest as provided.

"The court has filed in this cause a written memorandum opinion, which is made a part of the record and of this decree as its finding of fact in this cause, and is as follows, to-wit: 'Mrs. Annette McCarthy et al. v. J. B. Holt et al., Number 1409, chancery court, Sevier county, Tennessee. Memorandum Opinion, filed June 16, 1926.'

"The original bill in this cause was filed on March 26, 1921 by Mrs. Annette McCarthy and the other heirs of Robert Armstrong, deceased, against J. B. Holt and J. T. Holt, partners under the firm name of Holt Brothers, Appalachian Lumber Company and Southern Spruce Company and their trustees, A. H. Sands and Forrest Andrews, and the Little River Lumber Company. The

pleadings in this cause raised various questions and the court will make only a brief statement of the material facts:

"(1) The complainants allege that they are the owners of certain lands in Sevier county, and on April. 29, 1916, Mrs. Mc-Carthy entered into a written contract with defendant Holt Brothers, a copy being made an exhibit to the bill, employing Holt Brothers, civil engineers, to perform the services set out in the contract and for which Holt Brothers were to be conveyed the tract of land containing 100 acres, described in the bill. Certain allegations are made in the bill in reference to the cause of Paul E. Templeton, Trustee v. Evander McIver et al., a partition proceeding determined some years ago in the county court of Sevier county, but further reference to this proceeding is not here made, other than to state that the original file in that case is made evidence in this case and had been considered by. the court.

"Complainants further allege that ·they were overreached in the contract with Holt Brothers, in that Holt Brothers had certain information in reference to the lands not possessed by them, and further that Holt Brothers, claiming that they acquired title to such premises under said contract, on May 17, 1916, conveyed said lands to Sands and Andrews, trustees, for the defendants, Appalachian Lumber Company and Southern Spruce Company, and that said trustees sold the timber on said lands to the defendant, Little River Lumber Company.

"Complainants charge that the contract of April 29, 1916 was not a deed and did not pass title to Holt Brothers, and that Holt Brothers have failed to perform the conditions of the contract, and that complainants continue to be the owners of said premises. The complainants pray that the defendants be enjoined from cutting timber, or committing waste on said lands; that the right and possession of said land be decreed in them; that they be given a decree for the rents and profits of the land; that the contract of April 29, 1916, the deed from Holt Brothers to Sands and Andrews, trustees, and the deed from said trustees to Little River Lumber Company be declared void and cancelled—and for general relief.

"(2) The Little River Lumber Company answer and admit that they purchased the timber standing on certain lands from the Appalachian Lumber Company and the Southern Spruce Company, but do not admit that the 100 acres in question was included in their purchase and aver that if any timber was cut by them from said lands that it was done more than three years before the filing of this suit and plead the statute of limitations of three years.

"(3) The defendants, Sands and Andrews, trustees, (where reference is made to such trustees, their principals are also in-

cluded) answer and deny that complainants are the owners of the lands in question and charge that they (said respondents) have an indefeasible title to such lands and are entitled to possession thereof.

"(4) The defendants, Holt Brothers, file answer, in which it is averred that they are civil engineers and surveyors, and admit the execution of the contract of April 29, 1916, with Mrs. McCarthy, who they say, was then representing herself and the other complainants and employed them to do the work set out in said contract, which they aver to have been fully performed. They assume the attitude of cross-complainants and charge that the complainant, Mrs. McCarthy had authority to execute the contract for all complainants, and that they performed the services which they were to perform under the terms of said contract for all complainants, and ask the court to decree that under said contract title to said lands became vested in them; that if the court hold that said contract was not of itself sufficient to pass title, that they have a decree for a specific performance of the agreement to convey in accordance with the terms of the contract; that if they are mistaken in respect to their rights above stated, that they have a decree against complainants for the value of their services rendered under the terms of said contract, which they aver to be $1,000.

"(5) The original complainants in answer to said cross-bill reiterate in a general way the allegations of their original bill, charging that the cross-complainants, Holt Brothers, did not act fairly with them and deny Holt Brothers right to recover under the cross-bill.

"(6) The defendants Sands and Andrews, trustees, amend their original answer so as to allege that the lands involved are embraced in the D. P. Armstrong Grant No. 22685 and that they are the owners of said lands under the chain of conveyances set out and that the deed from Holt Brothers was only taken in order to quiet their title under the facts set out in said amendment.

"The court finds from an examination of the record, including the record in the Sevier county court partition suit, that the defendants, Sands and Andrews, as trustees and the Appalachian Lumber Company and the Southern Spruce Company as the owners of the land embraced within the D. P. Armstrong Grant No. 22685, have now and did have on the date of said contract of April 29, 1916, the superior title to the lands sought to be recovered by the complainants in this cause.

"Counsel for complainants in his brief makes the point that the defendants have not shown that the lands involved were embraced within the Armstrong grant under which defendants claim. The court however after a careful examination of the record and

especially the testimony of the witnesses, Parker and J. T. Holt, the record, in the partition suit in Sevier county, finds as a fact, that the lands involved in this litigation were embraced in the grant under which defendants claim and that defendants' title to said lands is the better title.

"The court is also of opinion that upon this record the defendant trustees are estopped to deny the title of complainants.

"In the deed executed by Holt Brothers to such defendants appear the following:

　　" 'It being intended to convey to parties of second part all of that portion of the Annette McCarthy tract lying northeast of said Indian boundary line and lapping upon or overlying the lands claimed by the parties of the second part etc.'

"Mrs McCarthy in her deposition was asked about her knowledge of this land and in her answer states:

　　" 'I have never been upon this tract, and according to my understanding it is wild mountain land, lying in the Smoky Mountains of East Tennessee, and is covered up and lapped upon by adverse titles.'

"It appears from the record that for many years the defendant trustees have been claiming to hold the superior title, and the complainants have also been claiming to hold the superior title, to said premises.

"The court is of the opinion and holds that under the circumstances shown the defendant trustees are not estopped by the deed from Holt Brothers, from setting up in this proceeding the superior title under which they claim.

"In reference to the rights of the complainant and Holt Brothers, growing out of this transaction, the court finds that Mrs. Annette McCarthy did have authority to represent her co-complainants in the making of the contract of employment of Holt Brothers, but it is not shown that she had any written authority to power to execute any deed, or contract binding them to convey the lands described in said contract, or any other lands, and that such contract is not a deed and not binding on any of the complainants as a deed.

"The court further finds that at the time of the execution of the contract of April 29, 1916, defendants, Holt Brothers, had knowledge of the fact that the defendants, Appalachian Lumber Company and the Southern Spruce Company were desirous of obtaining a release from complainants claim to this 100 acres of land in order that they might complete a sale to the defendant, Little River Lumber Company of the timber growing on a large boundary of land. Defendant, Holt Brothers, had knowledge that such trustees were willing to pay a substantial sum for a release

of complainants' claim to this land in order to satisfy their customer that they would not be disturbed in their operation. Having this knowledge Holt Brothers presented to Mrs. McCarthy the written contract in which this strip of land was described, and did not disclose to her this information which they possessed. It is apparent from the record that Holt Brothers, did not make this contract with Mrs. McCarthy, until after they had begun negotiations for the sale of the land, and within a few days after the execution of the contract, which was used as a basis of their title, they sold this land to the trustee for $1200. There is nothing in the record showing that the purchasers from Holt Brothers would not have paid the complainants the same price for the release. The court is of opinion that while complainants did not have perfect title, they did have a claim upon the title, by reason of the grant under which they claimed, possessing certain value. At least it was sufficient to justify the prosecution of the partition suit in Sevier county. This being true, and defendant, Holt Brothers, having full knowledge of these facts, and knowing that complainants were in ignorance of such facts, should have disclosed these facts to Mrs. McCarthy. Instead of doing this, they took the contract and treating it as a deed conveyed the land within less than twenty days for $1200. The court is of opinion and holds that Holt Brothers should account to complainants' for said sum, with interest from the date of their deed to trustees, less the value of such actual services as they may have rendered complainants in the performance of the contract, together with interest from the date such services were rendered. The value of such services not appearing this question will be referred under a proper order of reference. The complainants do not pray for this particular relief, but are entitled to it, under their prayer for general relief, especially as defendants Holt Brothers, pray in the alternative for a decree for the value of their services rendered under the contract.

"See Ice Company v. Raine, 23 Pickle, 151-4 Head Note.

"It results that the court holds:

"(1) The complainant's bill will be dismissed as to the defendant trustees and the Appalachian Lumber Company, Southern Spruce Company, and Little River Lumber Company, except to the extent that said bill seeks a cancellation of the contract of April 29, 1916, as a deed or binding contract to convey the lands described therein.

"(2) Complainants bill, is sustained against Holt Brothers, in so far as it seeks a cancellation of said contract as a deed or contract to convey, and for the purpose of giving complainants

a decree against Holt Brothers, for the sum of $1200, and interest on the grounds above stated.

"(3) The cross-bill of Holt Brothers, is dismissed except to the extent and in so far as they seek a decree for the value of the services rendered under the contract of April 29, 1916, and for the purpose of determining the amount so due, the cause will be referred to the master.

"(4) The defendant, trustees, and their principals, will be taxed with one-fifth of the costs. The Little River Lumber Company will not be taxed with any costs. The remainder of the costs will await the final decree of the court.

"Let a decree be prepared in accordance with this opinion.

"The court has further ruled on the evidence on the margins of the depositions taken. The Clerk and Master will copy his rulings in the record and in such cases as the court has excluded the evidence it is restored to the record for the purpose of avoiding the necessity of taking a wayside bill of exceptions, and each party against whom said rulings are made except to the action of the court, but said exceptions are overruled.

"The cross-bill of Holt Brothers is dismissed except to the extent and insofar as they seek a decree for the value of the services rendered under the contract of April 29, 1916.

"The court gives judgment against Alex H. Sands and Forrest Andrews, trustees, and their principals, Southern Spruce Company and Little River Lumber Company, for one-fifth of the costs of this cause and the remainder of the costs will await the final decree of this court.

The court directs the Clerk and Master to take proof and report as to what services were rendered by Holt Brothers in performance of their contract of April 29, 1916, with the complainants and the reasonable value of said services at the time at which said services were rendered and report to the next term of this court.

"Defendants J. B. and J. T. Holt except to the findings of the court as above set forth and pray an appeal therefrom to the next term of the Court of Appeals at Knoxville from so much of the above decree as gives judgment against them for $1200 or any other amount to the holding of the court dismissing their cross-bill against the complainants except insofar as the taking of the reference to the master to ascertain the amount of services and the value thereof rendered by them under their separate contract of April 29, 1916.

"Defendants Forrest Andrews and Alex H. Sands, trustees, Appalachian Lumber Company and Southern Spruce Company except to so much of said decree as adjudges one-fifth of the costs of the

cause against them, and appeal therefrom to the Court of Appeals at Knoxville.

"Complainants except to the judgment of the court and its findings insofar as it fails to award the relief prayed for in the original bill against Forrest Andrews and Alex H. Sands, trustees, Appalachian Lumber Company and Little River Lumber Company, and insofar as it is held that defendants J. B. and J. T. Holt are entitled to a reference to ascertain the amount of services rendered by them under said contract of April 29, 1916, and the value thereof, and that said Holts shall be entitled to a credit against the judgment for $1200 and interest for the reasonable value of said services, and interest from the date when same were rendered, and further, except to all action of the court which is adverse to them, including adverse rulings on evidence, and appeal therefrom to the Court of Civil Appeals at Knoxville.

"The court in its discretion grants said several appeals at this time and allows the several appellants thirty days time from the date of the entry of this decree within which to perfect their appeals by filing proper bonds, or otherwise complying with the law.

"This cause was heard by the court some days prior to this, the 16th day of June, 1916, and on this day the court filed its memorandum opinion and findings of fact, which will be marked filed by the master as of this date. As stated in the caption, this cause was heard at chambers by consent and the Clerk and Master of the chancery court at Sevierville, Tennessee, will file, enter and safely preserve this as and for a chamber decree, as required by statute."

Exceptions were made to the decree, as appears therein recited, but only defendants Holt Brothers perfected an appeal therefrom, and they have assigned the following as errors:

"(1) The court erred in refusing to dismiss the bill of complainants against defendants J. B. and J. T. Holt."

"(2) The court erred in giving judgment for complainants, Annette McCarthy and others, against defendants and appellants for $1200 with interest from May 16, 1916, or for any other amount."

"(3) The court erred in holding that it was the duty of defendants J. B. and J. T. Holt to make known to the complainants and appellees the fact that said J. B. and J. T. Holts co-defendants were willing to pay a substantial sum for the release of the McCarty cloud on the title to the land in dispute in this case, and that in doing so they perpetrated a fraud upon complainants, Annette McCarthy and others."

"(4) The court erred in holding that defendants J. B. and J. T. Holt, the appellants, should account to complainants and appellees for the sum they received for the land in dispute."

"(5) The court erred in taxing Sands and Andrews, trustees, and the Little River Lumber Company and Southern Spruce Company with one-fifth of the costs of this cause."

"(6) The court erred in taxing any of the costs of the cause against appellants, J. B. and J. T. Holt."

Neither side made nor make any exceptions to the Chancellor's finding of fact, and so state in their briefs. We are in entire accord with his opinion and think that his decree has reached the merits of the case. Whether the title claimed by complainants was superior to that claimed by defendant trustees or not, complainants thought they had title, and were asserting whatever claim they had, and the defendants and cross-complainants, Holt Brothers, had negotiated with complainant Mrs. McCarthy to survey the land and assist complainants to investigate and establish their interest. Holt Brothers wanted cash and were not interested in receiving any part of the land which they knew was of doubtful title as compensation for their services. This was how Mrs. McCarthy, acting for herself and as agent for the other complainants wanted to pay for such services, but as stated no contract was effected. Later on a situation developed making it very desirable if not even necessary for the defendant trustees to obtain a portion of complainants' land to complete and effectuate a larger deal of lands, the title to which was evidenced by conflicting grants, which they were endeavoring to negotiate with the Little River Lumber Company, one of the other defendants. Holt Brothers got onto this deal, it seems, and was made aware of the clog in the wheels of this transaction, the Little River Lumber Company refusing to complete the deal with this claim of the complainants outstanding. Holt Brothers became suddenly interested and, learning that they could effectuate a sale of at least a part of this conflict, rushed over to another State and obtained from the complainant, Mrs. McCarthy, the contract filed with the bill and referred to by the Chancellor, for just the only land claimed by the complainants that was desirable and necessary to complete the deal with the Little River Lumber Company that was hanging fire, and very possibly could not wait a legal determination as to which had the superior title to the strip desired. The Holts may have thought they had obtained a deed, and the other parties may have thought so too, but in reality they had obtained a contract, which bound them to a good faith service to the complainants previous to the execution of any deed, in any effort which their work might have discovered was necessary to

protect her title or to secure possession for her. She was not compelled to convey to them until her rights were established and their right to the compensation earned, and whether her title was good or otherwise is not necessary now to determine. So much as was contracted for for services to be rendered was conveyed to defendants, trustees, which may be regarded in the nature of a compromise. They now insist that they had the right to buy their peace without estoppel, and this perhaps is true, but, as the Chancellor found, they would be estopped to deny the claim they purchased and to pay the consideration therefor, which they did to the wrong parties. They thus recognized to this extent the title of the complainants to the strip of land they secured, which they conveyed to the Little River Lumber Company, and the timber thereon has been taken off and the waste or trespass committed.

While the Chancellor because they were guilty of no fraud permitted them to interpose their claim of superior title against the actual recovery of the land, no such superior right intervenes to protect Holt Brothers from the consequences of their fraud in procuring the contract and their unauthorized intermeddling in the sale of the land, resulting in its being denuded of timber, instead of helping the complainants to secure themselves against such trespass and injury. It is not sufficient for them to say that they sold only the part that they purchased. They had not purchased it. They had only contracted for it, for services which they knew or had reason to know would be of no real benefit to the complainants, which for all purposes of relief as against Holt Brothers will be regarded as a good title. They knew the condition of the title and could we think have advised her fully at any time in relation thereto, without the necessity of any further survey. They should have so informed her, when, if she desired their advice, it could and should have been had upon reasonable compensation, or not at all, as they might have determined. But when employment was sought and obtained by them to aid complainants in their necessity, good faith required that they aid them, and not fraudulently get possession of the only part of the land it seems that the circumstances of the situation made it possible to get anything out of, and then appropriate its proceeds to themselves. Honesty and good faith required that they tell her a situation existed whereby her title would be recognized to this extent, and then they might have bargained with her as to the terms upon which they would aid them. This was not a question of dealing at arms length. They were attempting to procure from her, ostensibly for services to be rendered, the means whereby to benefit themselves, with full knowledge of her disadvantage, and they procured such means through this contract fraudulently.

They conveyed this portion of complainants' land to the defendants, Sands and Andrews, trustees, brought about the invasion of the lands claimed by the complainants, and the denuding of the same of its timber, placing the complainants in a disadvantageous situation inimical to the purposes of their employment, and with a corporation that was refusing to contract any hostility to the claim of the complainants, or at least was requiring that it be accounted for before it would close its deal with the trustees, and which served to make this part of the complainants' claim of especial value.

A fine representation this! Fortunately for the complainants their expert advisers got their hands in only far enough to in effect dispose of for her the only piece of land that was available for any market, as they will not be permitted to deny complainants' title nor their responsibility for intermeddling as they did to complainants' disadvantage.

For the purpose of administering the relief sought as between complainants and the defendants Holt Brothers, equity will not stop to inquire into the state of the title, but as between them will regard the title as good and the injury effected as redressable in the way the Chancellor had worked it out. We think he was right. Whatever right Holt Brothers had to enforce the contract and procure a deed from complainants was dependent upon their own good faith observance of the same, which was breached in its inception. The amount paid them shall compensate complainants for the injury they thus effected or contributed in effecting, to be credited with the reasonable value of whatever service they may have rendered the complainants otherwise in the premises There appears to be no particular reason also as to why defendants Holt Brothers should complain of any judgment rendered against Sands and Andrews, trustees and their principals for costs.

All assignments of error are overruled and the decree of the Chancellor affirmed. Appellants and their securities will pay the costs of the appeal, the remaining costs will be as adjudged by the Chancellor, and the cause will be remanded for the purpose of taking the account ordered.

Portrum and Thompson, JJ., concur.